IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

CARROLL JOHNSON
ADC # 138237                                                                                               PLAINTIFF

V.                                       4:08CV03668 JMM/HDY

PULASKI COUNTY; RANDY JOHNSON, Sheriff,
Pulaski County; BARNETT, Sgt., Pulaski County;
STROHM, Sgt., Pulaski County; PAXSON, Lt.,
Pulaski County; ADAMS, Deputy, Pulaski County;
LAMBERT, Deputy, Pulaski County; WILSON, Sgt.,
Pulaski County; STANLEY; Sgt., Pulaski County;
N. JAKES, Sgt., Pulaski County; and EDWARD
ARIVETTE, Lt., Pulaski County                                                                        DEFENDANTS

## ORDER

Plaintiff, who is now in the custody of the Arkansas Department of Correction, filed this *pro se*[1] Complaint (docket entry #1) pursuant to 42 U.S.C. § 1983, unaccompanied by an Application for *In Forma Pauperis* Status. If Plaintiff intends to pursue this matter, he must pay the statutory filing fee of $350 or submit a properly completed Application to Proceed *In Forma Pauperis.*

---

[1] Plaintiff is notified of his responsibility to comply with the Local Rules of the Court, including Rule 5.5(c) (2) , which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

Under the Prison Litigation Reform Act of 1995 ("PLRA"), a prisoner who is permitted to file a civil action *in forma pauperis* still must pay the full statutory filing fee of $350.  28 U.S.C. §1915(b)(1).  The only question is whether a prisoner will pay the entire filing fee at the initiation of the proceeding or in installments over a period of time.  *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998).  Even if a prisoner is without assets and unable to pay an initial filing fee, he will be allowed to proceed with his section 1983 claims and the filing fee will be collected by the Court in installments from the prisoner's inmate trust account.  28 U.S.C. § 1915(b)(4).  **If the prisoner's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full amount of the $350 filing fee will be collected, and no portion of this filing fee will be refunded to the prisoner.**

The PLRA requires that Plaintiff submit a proper and complete Application to Proceed *In Forma Pauperis*, along with a calculation sheet, prepared and signed by an authorized officer of the Arkansas Department of Correction, that reflects his account balances for the preceding six months.  Plaintiff is therefore ordered to submit, within thirty (30) days from entry of this Order, either:  (1) the statutory filing fee of $350; or (2) a proper and complete Application to Proceed *In Forma Pauperis*, with the required calculation sheet completed and signed by an authorized official of the Unit at which Plaintiff is confined.

IT IS THEREFORE ORDERED that:

1.   Plaintiff must submit, within thirty days of entry of this Order, either:  (1) the $350 statutory filing fee; or (2) a proper and complete *in forma pauperis* application, with the required calculation sheet completed and signed by an authorized official of the detention facility at which

he is incarcerated. Failure to do so will result in dismissal of this action, without prejudice.

2. The Clerk is directed to send Plaintiff an *in forma pauperis* application and calculation sheet so that he may present it to an authorized official for completion.

3. Service is not appropriate at this time.

DATED this   20   day of October, 2008.

_____
UNITED STATES MAGISTRATE JUDGE