# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# LITTLE ROCK DIVISION

CARROLL JOHNSON
ADC # 138237                                                                                              PLAINTIFF

V.                                          4:08-cv-03668-JMM-JJV

PULASKI COUNTY, *et al.*                                                                           DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

      The following recommended partial disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

      If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the hearing before the District

>Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, an inmate at the Varner Unit of the Arkansas Department of Correction, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 alleging claims of failure to protect at the Pulaski County Detention Facility. After carefully reviewing Plaintiff's allegations in his Complaint, in accordance with its screening function under 28 U.S.C. § 1915A, the Court ordered that Plaintiff be allowed to proceed with his claims and directed service upon Defendants. *See* Doc. No. 11.

Following the submission of an Answer by Defendants, the Court scheduled an Evidentiary Hearing in this matter for November 9, 2009 (Doc. No. 25). With the Scheduling Order, Plaintiff was provided a form for the submission of his proposed witness list, and instructed that this must be returned to the Court on or before May 11, 2009. Plaintiff was cautioned that any witness not included on his witness list would not be allowed to testify, and was further cautioned of his responsibilities under Local Rule 5.5(c)(2).[1] Plaintiff was specifically informed in the Scheduling

---

[1] Local Rule 5.5(c)(2) provides that: "It is the duty of any party not represented by by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code,

2

Order that the failure to respond by May 11, 2009 could result in the dismissal of his lawsuit for failure to prosecute. This Order was mailed to Plaintiff at the Varner Unit on April 10, 2009 (docket entry #26) and has not been returned to the Court as undeliverable, nor have any of the Court's other correspondence to Plaintiff. However, Plaintiff has not submitted a witness list, nor any other statement showing his intention to prosecute this matter. In fact, there has been no communication from him at all since April 27, 2009.

Under these circumstances, the undersigned concludes that Plaintiff's Complaint should be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2). *See also* Fed. R. Civ. P. 41(b)(district court may dismiss case for failure to prosecute or comply with court orders); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)(district court has power to dismiss *sua sponte* under Rule 41(b)); *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986)(quoting *Haley v. Kansas City Star*, 761 F.2d 489, 491 (8th Cir. 1985))(a district court has the power to dismiss an action for the plaintiff's failure to comply with *any* court order; such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff'")(emphasis added); *Garrison v. Int'l Paper Co.*, 714 F.2d 757, 759 (8th Cir. 1983)(it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

---

and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

IT IS THEREFORE RECOMMENDED that Plaintiff's Complaint (Doc. No. 1) be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2).

DATED this  15th  day of September, 2009.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE